CITY OF TULSA v. DEVINE.

No. 31109. April 11, 1944.

Rehearing Denied May 2, 1944.

*148 P. 2d 170.*

E. M. Gallaher, L. A. Justus, Jr., Philip J. Kramer, and C. Lawrence Elder, all of Tulsa, for plaintiff in error.

Wm. Blake, of Tulsa, for defendant in error.

DAVISON, J. The disposition of this case on appeal is governed by our decision in City of Tulsa v. Johnson, 193 Okla. 501, 145 P. 2d 198.

Plaintiff is one of 15 policemen of the city of Tulsa who were discharged or dismissed from active duty in the latter part of November, 1938, in order to bring the expenditures of the city for its police force within constitutional limits. At the time of his dismissal he was assigned to duty as a foot patrolman. He had been a policeman since May 7, 1934.

On September 30, 1941, he commenced this action in the district court of Tulsa county to recover from the city salary alleged to have accumulated in his favor subsequent to his asserted wrongful dismissal on November 30, 1938.

On trial of the case to the court without the aid of a jury, plaintiff prevailed, and the defendant city presents the case for review.

The facts surrounding plaintiff's dismissal and the legal principles governing his rights in this action were reviewed and determined by this court in City of Tulsa v. Johnson, supra, and need not be restated herein. However, a supplemental discussion on one point is appropriate.

One fact emphasized in the briefs in this case which was not reviewed in our former opinion is that one R. C. F. Chaney, who was listed and classified by the city as a mechanic in the police department at the beginning of the fiscal year 1938-1939, was, after November 29, 1938, by virtue of a resolution by the board of commissioners on that date, assigned to duty as a foot patrolman. It is thought that Chaney, although classified as a member of the police department, was not a policeman when doing mechanical duties, and that he should be considered as having succeeded plaintiff as a new man in the police department. An examination of the record on this point discloses that Chaney actually ceased to perform services as a mechanic in August of 1938, and was then placed on patrol duty. He was thus not only a member of the police department but was also performing duties which were strictly police in character prior to plaintiff's discharge. Under these circumstances, we deem it unnecessary to determine whether a member of the police department of the city of Tulsa assigned to the performance of mechanical duties is a policeman within the meaning of the charter provision quoted and considered in City of Tulsa v. Johnson, supra.

We also deem it unnecessary to decide whether plaintiff would have had any greater rights than any of the other 14

192

policemen dismissed for financial reasons at the time of discharge if one new man had been appointed to the police force and that man happened to have been assigned to the duty previously performed by plaintiff, since assignment to duties within the police force is a matter resting within the discretion of the proper city officers.

For the reasons stated, this case is not removed from the principles which governed our decision in the cited case.

Our opinion and holding in the cited case is adopted in this case and the syllabus in that case is approved as the syllabus herein.

The cause is reversed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, BAYLESS, WELCH, and HURST, JJ., concur.